UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:15-CV-21735-UU

CARMEN R. SANCHEZ, *and all
others similarly situated under
29 U.S.C. 216(b)*

      Plaintiffs,

v.

EL RINCON ASTURIANO, CORP,
a Florida corporation, ESTHER
QUINONES, individually, and
ANTONIO HIDALGO,

      Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, El Rincon Asturiano, Corp. ("Asturiano"), Esther Quinones ("Quinones"), and Antonio Hidalgo ("Hidalgo") answers Plaintiff's, Carmen R. Sanchez ("Sanchez") Complaint as follows:

1.     Defendants are without knowledge of and therefore deny the allegations of paragraph 1.

2.     Defendants are without knowledge of and therefore deny the allegations of paragraph 2.

3.     Admit that Asturiano is a Florida corporation. Defendants are without knowledge of and therefore deny the remaining allegations of paragraph 3.

4.     Defendants admit that Quinones is an officer and an owner of Asturiano. Defendants deny the remaining allegations of paragraph 4.

5.     Defendants admit that Hidaldo is an owner of Asturiano. Defendants deny the remaining allegations of paragraph 5.

6. Defendants admit the allegations of paragraph 6.

## COUNT I FEDERAL OVERTIME WAGE VIOLATION

7. Defendants deny the allegations in paragraph 7.

8. Defendants are without knowledge and therefore deny the allegations in paragraph 8.

9. Defendants state that 29 U.S.C. Section 207(a)(1) speaks for itself.

10. Defendants admit that Plaintiff began her employment with Asturiano on February 10, 2010, and is currently employed as a cook. Defendants are without knowledge of and therefore deny the remaining allegations of paragraph 10.

11. Defendants deny the allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12.

13. Defendants deny the allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. Defendants admit the allegations in paragraph 15.

16. Defendants admit that Plaintiff was not paid for overtime hours at the rate of one and one half times his regular rate. Defendants deny the remaining allegations and implications of paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants admit that during the course of Plaintiff's employment with Asturiano, there were weeks in which Plaintiff worked in excess of 40 hours. Defendants deny all other allegations and implications of paragraph 19.

20. Defendants deny the allegations in paragraph 20.

## Affirmative Defenses

1. **Employee Not Covered by Act**.  Plaintiff is not an employee engaged in commerce because the food she prepares is consumed in the local market and does not cross state lines after it is prepared.  *See Lopez v. Top Chef Investment Inc.*, No. 07-21598-CIV, 2007 WL 4227646 (S.D. Fla. Nov. 30, 2007).

2. **Statute of Limitations.**  Plaintiff's claims for unpaid overtime compensation/liquidated damages accruing prior to May 6, 2013, are barred by the applicable Statute of Limitations. *See* 29 U.S.C.S. § 255(a).

3. **Exempt pursuant to 29 U.S.C. § 213(a)(1)**. At all material times, Plaintiff was and is employed as a Head Cook/Manager at Asturiano, and was/is therefore exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §213(a), the *bona fide* executive, administrative or professional capacity exemption.

4. **Good Faith Defense under 29 U.S.C. Section 259--Violation (if any) Not Willful**. Alternatively, any violation of the FLSA by Defendants was not willful, and was wholly unintentional. Defendants continuously acted in good faith with regard to the administration of its compensation plan.

5. **Quinones is not an Employer**.  Quinones did not have operational control of Asturiano and therefore is not an employer under the FLSA.

6. **Hidalgo is not an Employer.**  Hidalgo did not have operational control of Asturiano and therefore is not an employer under the FLSA.

Defendants reserve the right to bring any additional defenses that they discover during the course of discovery.

**WHEREFORE**, the Defendants assert that upon proof of the aforementioned affirmative defenses, Plaintiff's claims should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served via email on Steven C. Fraser, Esquire, Elizabeth O. Hueber, Esquire, and Julia M. Garrett, Esquire, at J.H. Zidell, P.A., in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counselor parties who are not authorized to receive electronically Notices of Electronic Filing, this 17th day of June, 2015.

By: /s/ Monica Espino
Florida Bar No. 834491

Espino Law
2100 Coral Way, Suite 300
Miami, FL 33145
Email: me@espino-law.com
Tel.: 305.704.3172
Fax: 305.722.7378